IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SHEILA ANDERSON,                          *
                                          *
               Plaintiff,                 *
vs.                                       *          No. 5:12-cv-00208-SWW
                                          *
                                          *
UNUM LIFE INSURANCE COMPANY               *
OF AMERICA d/b/a UNUM,                    *
                                          *
               Defendant.                 *
                              _____

                                          *
                                          *
UNUM LIFE INSURANCE COMPANY               *
OF AMERICA d/b/a UNUM,                    *
                                          *
               Counter Claimant           *
vs.                                       *
                                          *
                                          *
SHEILA ANDERSON,                          *
                                          *
               Counter Defendant          *

OPINION AND ORDER

Sheila Anderson brings this action pursuant to the Employee Retirement Income Security

Act (ERISA), 29 U.S.C. § 1001 *et seq*., seeking a determination that Unum Life Insurance

Company of America d/b/a Unum (Unum) is not entitled to reimbursement for the amount of

overpayment she received from Unum.   Unum counterclaims, seeking equitable restitution in

the amount of overpayment received by Anderson.  For the reasons that follow, the Court

dismisses Anderson's complaint with prejudice and enters judgment in favor of Unum on its

counterclaim.

I.

During her employment with Tyson Foods, Inc., Anderson was covered under an ERISA-governed Unum group long term disability policy.  The policy provided benefits based on a percentage of a claimant's basic monthly earnings reduced by certain income benefits, including Social Security benefits.

Anderson filed for long term disability benefits per the terms of the policy and Unum approved her claim by letter dated January 7, 2008.  In that letter, Unum provided Anderson with relevant policy language about the reduction of benefits stating, "[y]our plan provides you with 60 percent of your basic monthly earnings reduced by certain other income benefits you may receive, such as Social Security, State Disability, Workers' Compensation, and Pension."

On February 19, 2008, Unum sent Anderson a letter stating that per the term of her policy, Social Security benefits were considered other sources of income which could reduce the amount of her long term disability benefits.  At the time, Anderson was applying for Social Security disability benefits.  In its February 2008 letter, Unum enclosed a Disability Payment Option/Reimbursement Agreement, which permitted Anderson to select whether to allow Unum to calculate and deduct future sources of other income and offset her long term disability benefits or receive the full amount of the benefits with reimbursement to be made by Anderson at a later date.  In the Disability Payment Option/Reimbursement Agreement, signed and dated April 17, 2008, Anderson selected Option B, which allowed Unum to calculate future sources of other income and deduct them from her current award of long term disability benefits.

Unum states that on September 23, 2008, a representative of Unum contacted Anderson by telephone to inquire about the status of her Social Security benefits.  During this telephone

conversation, which is documented in the record, Unum claims that Anderson stated she did not want Unum to calculate future Social Security benefits and deduct them from her long term disability benefits, stating that "[s]he needs the money at this time."  Unum states that Anderson was informed that she would have to repay any amount of benefits received by the Social Security Administration and that she acknowledged repayment was required.

The Social Security Administration denied Anderson's claim for Social Security benefits and Anderson appealed.  On September 30, 2010, Anderson received notification from the Social Security Administration that it had reached a fully favorable decision in regards to her appeal of the denial of her claim for Social Security disability benefits.  Anderson was informed that she would receive benefits retroactive to July 18, 2007.

On December 3, 2010, Unum sent a letter to Anderson requesting an update on the status of her claim for Social Security disability benefits.  In its letter, Unum reminded Anderson that her long term disability benefits may be reduced by her receipt of Social Security benefits.

On March 7, 2011, Unum sent a letter to Anderson in which it noted that it had been notified that Anderson received a Fully Favorable Decision letter from the Social Security Administration.  Unum requested from Anderson a copy of the notice of award she received from the Social Security Administration.

On April 12, 2011, Unum estimated the overpayment to Anderson with regards to her receiving Social Security benefits and that amount was $33,986.40.  Unum sent Anderson a letter dated that same day notifying her of the overpayment and steps that could be taken to repay.

On May 13, 2011, Unum sent a followup letter to Anderson as it had received no response concerning its previous overpayment letter and Anderson had not returned telephone

calls.  On May 19, 2011, Unum again sent a letter to Anderson concerning the overpayment and stating that "[w]e would like to work with you to resolve this overpayment issue."

On May 18, 2011, Anderson's attorney sent a letter to Unum stating that she was not repaying any of the amount of overpayment alleged to be due under the terms of her policy.  The letter stated:

> As to your request for repayment I find your demand grossly inflated as you will see by the Social Security documents.  A second point is that Ms. Anderson owes UNUM nothing.  She did not agree to repay UNUM any overpayment.  On the Disability payment Options/Reimbursement Agreement signed by Ms. Anderson she chose option "B".  That Option requires UNUM to estimate the deductible benefits and reduce her disability benefits accordingly.  According to your attached calculation it appears that you are alleging that UNUM failed to comply with the agreement and now you wish Ms. Anderson to repay them for their mistake.

On May 26, 2011, Unum sent Anderson's attorney a letter indicating how to effectuate an appeal of its overpayment decision.  The letter also indicated that Unum had determined that a recalculation of the overpayment was necessary and that after deducting attorney fee credits from the amount of overpayment, the new amount of overpayment is $27,986.34.

On July 5, 2011 (and again on July 12, 2011), Anderson's attorney requested an appeal of the amount of overpayment, stating as follows:

> I am receipt of your letter dated May 26, 2011.  I have reviewed same with my client and Ms. Anderson is of the opinion that she was justified on relying on UNUM to follow through on her choice of option B and "estimate and reduce for other resources of income."  Ms. Anderson asserts that this choice constituted a contract with UNUM, with contract term with which UNUM failed to comply.  Ms. Anderson was without knowledge that UNUM failed to comply with the contract terms and was justified in relying that UNUM was complying with said contract terms.

On July 27, 2011, the Appeals Specialist to whom Anderson's appeal had been assigned notified Anderson that the overpayment calculation was correct.  In her decision, the Appeals Specialist referenced the section of Unum's policy that calls for offset of long term disability benefits from awards of Social Security benefits.  The Appeals Specialist noted that even though Anderson had requested Unum to calculate other sources of income and deduct them from her benefits, she had retracted that agreement when contacted by Unum's representative and stated that she needed the money now.

II.

Unum asserts an equitable right to recover overpayments made to Anderson pursuant to 29 U.S.C. § 1132(a)(3).  That section provides that "[a] participant, beneficiary, or fiduciary" may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

Anderson acknowledges that Unum is a fiduciary under ERISA and that its counterclaim is brought to enforce the overpayment provision of the policy.  In addition, Anderson does not dispute that Unum seeks equitable relief under § 1132(a)(3)(B) of ERISA.  But even had Anderson disputed the equitable nature of the relief Unum is seeking, the Court finds that because Unum seeks reimbursement for amounts paid to Anderson from a third-party source, the Social Security Administration, Unum's counterclaim constitutes a request for equitable relief under § 1132(a)(3)(B), thereby allowing Unum reimbursement for the amount of overpayment. See *Dillard's Inc. v. Liberty Life Assur. Co.*, 456 F.3d 894 (8th Cir. 2006) (long-term disability

insurer was entitled to equitable relief under ERISA in form of reimbursement of overpayments caused by employee's receipt of Social Security disability benefits; insurer's claim qualified as equitable claim under § 1332(a)(3)(B) of ERISA because it sought "a particular share of a specifically identified fund–all overpayments resulting from the payment of social security benefits."); *Unum Life Ins. Co. of America v. Davis*, No. 1:08cv00052, 2009 WL 4884218 (E.D. Ark. Dec. 9, 2009) (same).

Anderson, however, argues that the doctrine of laches bars Unum's claim for reimbursement for any overpayment.  Anderson argues that Unum waited approximately two years before it raised its alleged right to reimbursement and that by not complying with its contractual obligation and fiduciary duty to reduce her disability benefits by an estimated amount of her Social Security benefits as set forth in Option B of the Disability Payment Options/Reimbursement Agreement, Unum slept on its rights, thereby prejudicing her.

"'Laches applies when a claimant inexcusably delays in asserting its claim and thereby unduly prejudices the party against whom the claim is ultimately asserted.'"  *Greater St. Louis Cost. Laborers Welfare Fund v. Park-Mark, Inc.*, 700 F.3d 1130, 1136 (8th Cir. 2012) (quoting *Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 602 (8th Cir. 1999)).  Because laches is an equitable defense, the doctrine is flexible.  *Citizens and Landowners Against the Miles City/New Underwood Powerline v. Secretary, United States Dept. of Energy*, 683 F.2d 1171, 1174 (8th Cir. 1982).  No fixed or arbitrary period of time controls its applicability.  *Id*.

The Court finds Anderson's reliance on the doctrine of laches to be misplaced.  Unum did not represent that it was contractually bound to reduce Anderson's payments if she selected Option B of the Disability Payment Options/Reimbursement Agreement; rather, Option B only provided that "*[i]f* other sources of benefits are estimated, the disability benefit will be adjusted when the insurer received proof of the amount awarded...." (emphasis added).  *Cf. Unum Life Ins. Co. of America v. Miller*, No. 2:11-cv-129, 2012 WL 3099997 (E.D. KY. July 30, 2012) (interpreting same language and finding no contractually binding obligation to reduce beneficiary's payments by selecting Option B).  Moreover, Anderson had notice that her disability benefits were not being reduced when she received them and there is nothing indicating that Unum has slept on its rights or prejudiced Anderson.  Rather, the record shows that Unum has been in constant contact with Anderson, recalculated her overpayment, and allowed her an appeal of the overpayment determination.  *Cf. id.* (rejecting beneficiary's argument that he reasonably relied on Unum's compliance with his selection of Option B on the Reimbursement Agreement where beneficiary's benefit payments from Unum never decreased at any point and beneficiary had advance notice that his payments were not being reduced despite his request for reduction of benefits).  Accordingly, Unum's claim for reimbursement of overpayment is not barred by laches.

III.

For the foregoing reasons, the Court dismisses Anderson's complaint with prejudice and

enters judgment in favor of Unum on its counterclaim in the amount of $27,986.34.[1]

IT IS SO ORDERED this 14th day of January 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] Unum also seeks attorney's fees, costs, and prejudgment and postjudgment interest but it does not brief those issues and set forth appropriate calculations.  Unum may file an appropriate motion seeking such relief.  See, *e.g., Christianson v. Poly-America, Inc. Medical Ben. Plan*, 412 F.3d 935, 940 (8th Cir. 2005) (factors to be considered in awarding attorney's fees under ERISA) (citing *Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984) (per curiam)); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1331 (8th Cir. 1995) ("28 U.S.C. § 1961 provides the proper measure for determining rates of both prejudgment and postjudgment interest" under ERISA).